Corinne Chandler, SBN 111423
Email: cchandler@kantorlaw.net
Peter S. Sessions, SBN 193301
Email: psessions@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff
Theodor Atanuspour

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| THEODOR ATANUSPOUR, | Case No. |
|---|---|
| Plaintiff, | COMPLAINT FOR: |
| vs. | BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff Theodor Atanuspour herein sets forth the allegations of his Complaint against Defendant Reliance Standard Life Insurance Company.

## PRELIMINARY ALLEGATIONS

1. Jurisdiction: This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an ERISA employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under an employee benefit plan. Plaintiff seeks relief, including but not limited to payment of benefits, prejudgment and post-judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. Plaintiff was at all times relevant an employee of Trophy Automotive Dealer Group LLC ("Trophy") and a resident of Woodland Hills, located in Los Angeles County, in the State of California.

3. Plaintiff is informed and believes that Defendant Reliance Standard Life Insurance Company ("Reliance" or "Defendant") is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California. Reliance is the insurer of benefits under a policy issued to the RSL Employer Trust, Policy No. VPL 302887, of which Trophy is a participating unit. The policy funds Trophy's long-term disability benefit plan ("LTD Plan") for its employees.

4. Plaintiff is informed and believes that the LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Trophy, under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to long term disability ("LTD") benefits. Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability,

COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

for so long as Plaintiff remains disabled as required under the terms of the LTD Plan. The LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

5. Reliance can be found in this judicial district and the LTD Plan was issued and administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

## FIRST CLAIM FOR RELIEF
## AGAINST RELIANCE STANDARD LIFE INSURANCE COMPANY
## FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF
## RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND
## ATTORNEYS' FEES AND COSTS
## (29 U.S.C. § 1132(a)(1)(B))

6. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, Plaintiff was employed by Trophy and was a covered participant under the terms and conditions of the LTD Plan.

8. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

9. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to Reliance for LTD benefits under the LTD Plan, Claim No. 2019-12-04-0136-VPL-01.

10. On February 24, 2020, Plaintiff's claim for LTD benefits was denied by Reliance on the ground that he did not meet the LTD Plan definition of disability throughout the LTD Plan's 90-day elimination period.

11. Plaintiff appealed this determination. Despite overwhelming evidence of a covered LTD claim, on June 7, 2021, Reliance erroneously and wrongfully continued to uphold its prior determination denying Plaintiff's claim for LTD benefits.

12. On July 28, 2021, Plaintiff provided Reliance with additional evidence in support of his claim in the form of electrodiagnostic testing of Plaintiff's lower extremities. Plaintiff requested reconsideration of his claim in light of this new evidence.

13. On August 11, 2021, Reliance responded that it was "unable to review the information provided."

14. Defendant breached the Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to Plaintiff at a time when Reliance knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Reliance had such knowledge, it denied Plaintiff's claim for continued LTD benefits;

(b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claim for LTD benefits;

(c) After Plaintiff's claim was denied in whole or in part, Reliance failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect Plaintiff's claim along with an explanation of why such material is or was necessary;

(d) Concealing and withholding from Plaintiff the notice requirements Reliance was required to provide Plaintiff pursuant to ERISA and the

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

regulations promulgated thereunder, particularly 29 Code of Federal Regulations § 2560.503-1(f)-(g), inclusive; and

(e) Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

15. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff's disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

16. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

17. As a proximate result of the aforementioned wrongful conduct of Defendant, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

18. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

19. The wrongful conduct of Defendant has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1.  Payment of disability benefits due Plaintiff;

2.  An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3.  In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.  Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.  Payment of prejudgment and postjudgment interest as allowed for under ERISA; and

6.  Such other and further relief as this Court deems just and proper.

DATED: August 17, 2021               KANTOR & KANTOR, LLP


                                     By:  /s/ Peter S. Sessions
                                          Peter S. Sessions
                                          Attorneys for Plaintiff
                                          Theodor Atanuspour