1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10

11   THEODOR ATANUSPOUR,                    No. CV 21-6644 PA (AFMx)

12              Plaintiff,                  FINDINGS OF FACT AND
                                            CONCLUSIONS OF LAW
13        v.

14   RELIANCE STANDARD LIFE
     INSURANCE COMPANY,
15
                Defendant.
16

17

18

19        This is an Employee Retirement Income Security Act ("ERISA") action for recovery

20   of long-term disability benefits.  Plaintiff Theodor Atanuspour ("Plaintiff" or "Atanuspour")

21   seeks benefits under a group insurance policy issued to The RSL Employer Trust by

22   defendant Reliance Standard Life Insurance Company ("Defendant" or "Reliance").

23        Reliance filed the Administrative Record ("AR") (Docket No. 24) which the Court

24   received (Docket No. 39.)  Following the filing of the parties' Opening and Responsive Trial

25   Briefs, the submission of their respective Proposed Findings of Fact and Conclusions of

26   Law, and their objections to each other's Proposed Findings of Fact and Conclusions of

27   Law, the Court, sitting without a jury, conducted a bench trial on June 7, 2022.

28

Having considered the materials submitted by the parties and after reviewing the evidence, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a).  Any finding of fact that constitutes a conclusion of law is hereby adopted as a conclusion of law, and any conclusion of law that constitutes a finding of fact is hereby adopted as a finding of fact.

## I.    Findings of Fact

1.    This is an action for recovery of long-term disability ("LTD") benefits under ERISA.  This Court has jurisdiction of this matter pursuant to 29 U.S.C. §§ 1132(a), (e), (f) and (g), as well as 28 U.S.C § 1331.

2.    Venue is proper in this district because a substantial part of the events giving rise to the claim occurred within the Central District of California.  28 U.S.C. § 1391(b)(2).

3.    The parties agree that the trial of this action is subject to the Court's de novo review.  (Docket Nos. 27-28.)

4.    Atanuspour worked as the General Sales Manager, a sedentary occupation, for Trophy Automotive Dealer Group, LLC ("Trophy Automotive") at its Kia Downtown Los Angeles business.  (AR 89, 161-169, 625-627.)

5.    Reliance issued a Group Long Term Disability Insurance Policy ("Policy") to The RSL Employer Trust of which Trophy Automotive is a participating unit and Kia Downtown of Los Angeles is a covered entity.  (AR 2-9.)

6.    Plaintiff received coverage under the Policy as an "active, Full-time Employee earning an annual salary of at least $ 15, 000 of Trophy Automotive."  (AR 9, 18, 47, 110.)

7.    The Insuring Clause provision under the Policy states that Reliance will pay a Monthly Benefit if an Insured:  (1) is Totally Disabled as the result of a Sickness or Injury covered by this Policy; (2) is under the regular care of a Physician; (3) has completed the Elimination Period; and (4) submits satisfactory proof of Total Disability . . .  (AR 20.)

8.    The Policy defines "Totally Disabled" and "Total Disability" to mean, that as a result of an Injury or Sickness:

1    (1) during the Elimination Period and for the first 24 months for which a

2    Monthly Benefit is payable, an Insured cannot perform the material duties of

3    his/her Regular Occupation;

4           (a) "Partially Disabled" and "Partial Disability" mean that as a

5           result of an Injury or Sickness an Insured is capable of

6           performing the material duties of his/her Regular Occupation on

7           a part-time basis or some of the material duties on a full-time

8           basis. An Insured who is Partially Disabled will be considered

9           Totally Disabled, except during the Elimination Period;

10          (b) "Residual Disability" means being Partially Disabled during

11          the Elimination Period. Residual Disability will be considered

12          Total Disability; and

13   (2) after a Monthly Benefit has been paid for 24 months, an Insured cannot

14   perform the material duties of Any Occupation. We consider the Insured

15   Totally Disabled if due to an Injury or Sickness he or she is capable of only

16   performing the material duties on a part-time basis or part of the material

17   duties on a full-time basis.

18   (AR 12.)  The Policy contains an elimination period defined as 90 consecutive days of total

19   disability for which no benefit is payable. The 90-day period begins on the first day of total

20   disability.  (AR 9-11.)

21          9.      The last day Atanuspour worked at Trophy Automotive was August 7, 2019.

22   (AR 42, 114.)  Plaintiff stopped working on August 8, 2019.  (AR 150.)  As a result, the

23   elimination period ran from August 8, 2019 through November 6, 2019.  (AR 42, 146-148.)

24          10.     On August 8, 2019, Dr. Arakel Davtian, M.D., a psychiatrist, performed an

25   initial psychiatric evaluation on Atanuspour.  (AR 207-209.)  Dr. Davtian diagnosed

26   Plaintiff with Generalized Anxiety Disorder ("GAD") and prescribed him Remeron and

27   Trintellix to treat his condition.  (AR 210.)

28

11.     Plaintiff continued to receive psychiatric examinations from Dr. Davtian during additional visits in August, September, and a final visit on October 10, 2019.  (AR 211-214.)  Psychiatric progress notes from each visit show that Plaintiff had a GAD diagnosis and prescriptions for Remeron, Trintellix, and Ativan as part of his treatment plan. (Id.)  The last medication adjustment took place on August 22, 2019 and Dr. Davtian's records do not describe any symptoms beyond October 4, 2019.

12.     Dr. Davtian consistently reported that he provided Atanuspour "supportive therapy" and "[i]dentified stressors which would make the depression worse and given advice of ways to cope."  (AR 210-215.)

13.     On October 2, 2019, Atanuspour first received treatment from Dr. Elham Nemat, D.C., QME, a chiropractor affiliated with Primary Health Clinic.  (AR 217-227.)

14.     Records from Primary Health Clinic indicate Plaintiff received chiropractic treatment twice a week starting in October 2019 through December 2019.  (AR 220-225.) Plaintiff also received chiropractic treatment at Primary Health Clinic in July 2019, as well as January, February, March, and May 2020.  (AR 321-323, 332-336, 522-523.)

15.     Dr. Nemat, in a Patient Status Report dated November 13, 2019, wrote that Atanuspour was experiencing myofasciitis, IVD (intervertebral disc) syndrome, severe bilateral sciatic, and "lumbar region muscle spasms radiating down both legs w/ numbness [and] tingling [,] shooting pain to feet."  (AR 222.)  Dr. Nemat also stated that Plaintiff is unable to return to work.  (Id.)

16.     According to Dr. Nemat, Plaintiff was temporarily totally disabled from October 23, 2019 through December 20, 2019, or "further notice."  (AR 222.)  Dr. Nemat listed Plaintiff's restrictions as limited walking, no climbing, limited bending, stooping, and kneeling, limited standing, no overhead working, limited lifting to 5 lbs, and no operating vehicle or machine.  (Id.)

17.     Atanuspour submitted a claim for LTD benefits to Reliance on December 4, 2019.  (AR 122, 150-152.)  Plaintiff listed Dr. Davtian and Dr. Nemat as the medical practitioners treating his conditions.  (AR 152.)

-4-

18.     In his LTD claim form, Plaintiff wrote that on August 8, 2019 he first noticed symptoms of "anxiety high-level and high stress headaches and upper and lower back pain." (AR 150.)  Plaintiff further explained:  "I get very bad anxiety through [] the day and panic attacks daily[.] Stress trigger[s] my anxiety attacks.  I feel overwhelmed and I can't breathe.  Lower [] hip, back, and neck pain."  (Id.)

19.     In support of his LTD claim, Plaintiff submitted a Physician Statement from Dr. Nemat dated November 22, 2019.  (AR 154.)  Dr. Nemat diagnosed Plaintiff with low back pain; upper back pain; other intervertebral disc degeneration, lumbar region; sprain of ligaments of cervical spine; sciatica, right side; and sciatic, left side.  (Id.)

20.     Moneco Foulker, RN, BSN, CCRN, a member of Reliance's medical department, reviewed Plaintiff's records from Dr. Davtian and Dr. Nemat.  (AR 49.)  Nurse Foulker opined that Plaintiff's claim file supported an inability to work from August 8, 2019 through October 4, 2019.  (Id.)

21.     With respect to Plaintiff's mental disorder, Nurse Foulker concluded that "lack of work function is supported at the date of loss through 10/04/19 for exacerbation of anxiety with medication adjustments" and "[r]ecords do not describe a severity of symptoms beyond 10/04/19 that rise to a level of impairment interfering with work capacity."  (AR 49.)  Citing to Dr. Davtian's record, Foulker reported the following:

- On 08/08/19 claimant presented to established care due to exacerbation of "extreme" anxiety with depressive mood, reporting sleep disturbance, panic attacks, heart palpitations, shortness of breath and tension headaches.  Mental examination noted cooperative behavior with clear speech, and normal concentration, insight & judgement, with euthymic mood. Provider opined anxiety disorder, thus prescribed Remeron 7.5mg & Trintillex 5mg.
- On 08/22/19 MD increased Trintillex to 10mg, and prescribed Ativan 1mg daily as needed, for unchanged reported anxiety. Claimant returned on 09/05/19, 09/19/19 & 10/10/19 reporting prescribed

medications are giving some relief with ongoing, unchanged reported symptoms.

- Claimant returned on 09/05/19, 09/19/19 & 10/10/19 reporting prescribed medications are giving some relief with ongoing, unchanged reported symptoms. Exam & treatment plan unchanged.

- Additional records beyond 10/10/19 are not on file.

(Id.)

22.   With respect to Plaintiff's physical condition, Nurse Foulker opined that "[b]y 10/04/19 claimant capable of returning to prior work capacity without restrictions." (AR 49.) Citing to Dr. Nemat's record, Foulker reported the following:

- Based on available medical records subjective reported back pain is not supported. Although claimant reports subjective back pain symptoms, and is treating maintenance manipulation with Chiropractor, records on file do not support objective clinical examination & diagnostic findings at a quality/severity to prevent or impair work capacity.

- Records are negative for typical objective diagnostics testing of back pain at a severity to preclude work function: x-ray, electromyography & nerve conduction studies, MRI, physical exam or prescribed medications (Steroids, Narcotics, Anti-inflammatory, or Muscle Relaxers). Records are negative for documentation of: abnormal gait, extremity weakness, muscle atrophy, neurovascular compromise, impaired daily living activities, or restricted driving.

(Id.)

23.   Reliance denied Atanuspour's claim for LTD benefits by letter dated February 24, 2020. (AR 113-116.) Reliance determined that based on its medical department's review of the available medical records on file, Plaintiff did not meet the Policy's "definition of Total Disability beyond the LTD elimination period of 90 days." (AR 115.)

24.     On March 17, 2020, Plaintiff notified Reliance of his intent to appeal the denial of LTD benefits.  (AR 233-234.)

25.     On February 9, 2021, Plaintiff appealed Reliance's denial of LTD benefits.  (AR 354.)

26.     In his appeal letter, Atanuspour claimed an ongoing disability due to intervertebral disc disorders:  chronic pain that radiates from low back to buttock, down the posterolateral aspects of both legs, and down to feet; lumbar radiculopathy; lumbar foraminal stenosis; a sizable disc protrusion of lumbar intervertebral discs at L4/5 and L5/S1; lumbar spondylosis; and spinal canal stenosis.  (AR 354-357.)

27.     The majority of the documentation that Atanuspour submitted as part of his appeal postdate the elimination period:  (1) a declaration from Plaintiff; (2) a declaration from Plaintiff's wife; (3) a spinal surgery re-evaluation report dated January 20, 2021 from Dr. Payman, an orthopedist; (4) a functional capacity evaluation ("FCE") report dated November 11, 2020 from Dr. De Los Reyes, PT, DPT, a physical therapist; (5) medical records dated from June 25, 2020 to January 11, 2021 from Dr. Vahedifar, M.D., a pain management specialist; (6) medical records dated from December 9, 2020 to January 20, 2021 from Dr. Payman; (7) medical records from Primary Health Clinic dated from July 5, 2019 to May 26, 2020; (8) medical records dated from October 21, 2020 to December 17, 2020 from AJ Physical Therapy, Inc.; (9) an MRI of Plaintiff's lumbar spine dated December 18, 2020; (10) and an MRI of Plaintiff's lumbar spine dated December 28, 2018.  (AR 354-355.)

28.     Reliance referred Plaintiff's file to a third-party vendor that arranged for an independent review by Howard Grattan, M.D., board certified in physical medicine and rehabilitation, and pain management.  Dr. Grattan conducted a paper review of Plaintiff's records between July 2019 and February 2021.  (AR 123, 559.)

29.     Dr. Grattan opined on Plaintiff's functional capabilities in a report dated April 27, 2021.  According to Dr. Grattan, Plaintiff "would not be functionally impaired until

1    11/04/20, when a Functional Capacity Evaluation found him unable to work at any

2    occupation level."  (AR 562-563.)

3         30.    After review of supplemental medical records from Dr. Vahedifar and Dr. De

4    Los Reyes, Dr. Grattan created an addendum report dated May 28, 2021.  (AR 622-624.)

5    Dr. Grattan stated that his previous determinations remain unchanged:  "The claimant would

6    require the restrictions and limitations as previously outlined from 11/04/2020 going

7    forward."  (Id.)

8         31.    Based in part on Dr. Grattan's conclusions, Reliance upheld its decision on

9    June 7, 2021.  (AR 122-124.)

10   **II.   Conclusions of Law**

11        1.    In a de novo review, "the burden of proof is placed on the claimant" to

12   establish entitlement to plan benefits.  Muniz v. Amec Const. Mgmt., Inc., 623 F.3d 1290,

13   1294 (9th Cir. 2010).  "When conducting a de novo review of the record, the court does not

14   give deference to the claim administrator's decision, but rather determines in the first

15   instance if the claimant has adequately established that he or she is disabled under the terms

16   of the plan."  Id. at 1295-96.

17        2.    "[A] district court may, in conducting its independent evaluation of the

18   evidence in the administrative record [on de novo review] take cognizance of the fact . . .

19   that a given treating physician has a greater opportunity to know and observe the patient than

20   a physician retained by the plan administrator."  Jebian v. Hewlett-Packard Co. Emp.

21   Benefits Org. Income Protection Plan, 349 F.3d 1098, 1109 n.8 (9th Cir. 2003).

22   **III.   Analysis**

23        The Court concludes, after reviewing the Administrative Record, and considering the

24   arguments and Trial Briefs submitted by the parties, that Atanuspour failed to satisfy his

25   burden to establish entitlement to LTD benefits.  The parties' principal dispute is whether

26   the medical records show that because of an injury or sickness, as defined by the Policy,

27   Plaintiff could not perform the material duties of a sales manager starting from August 8,

28

2019 through November 6, 2019.  Plaintiff's evidence is insufficient to support that he was totally disabled for 90 consecutive days.

First, Atanuspour's medical records fail to show that a mental disorder resulted in total disability beyond October 4, 2019.  Taking into account factors such as changes in treatment plan, frequency of physician visits, and physician recommendations, Reliance's medical staff opined that by October 4, 2019 Plaintiff was "capable of returning to prior work capacity." (AR 113-116.)  Plaintiff's final visit with Dr. Davtian occurred on October 10, 2019, which fact supports Reliance's assessment.  Moreover, Plaintiff conceded that his only contention for purposes of this litigation is that he was disabled due to a physical or lumbar condition, not a mental one.  (Plaintiff's Responsive Trial Brief 2: 19-28.)

Second, Atanuspour's medical records fail to show that his lumbar condition resulted in total disability prior to October 23, 2019.  Dr. Nemat concluded that Plaintiff was temporarily totally disabled starting from October 23, 2019 through December 20, 2019.  Plaintiff, however, does not identify other contemporaneous medical records that state he was totally disabled prior to October 23, 2019.  Despite Plaintiff having been first treated by Dr. Nemat starting on October 2, 2019, Dr. Nemat's notes do not indicate that Plaintiff was totally disabled earlier during the elimination period.  Given the absence of medical evidence for the period between October 4, 2019 and October 23, 2019, Plaintiff cannot establish that he was totally disabled for each day of the elimination period.

The Court notes that Plaintiff's own reports of pain and medical records from other treating physicians are inadequate to bridge the gap because the majority of his documentation postdate the elimination period and are generally not retrospective.  In sum, because Plaintiff failed to present sufficient evidence showing that he was continuously totally disabled during the elimination period, he failed his burden to show entitlement to LTD benefits.

### Conclusion

For all of the foregoing reasons, the Court concludes that Plaintiff has not carried his burden to establish by a preponderance of the evidence that as a result of injury or sickness

he could not perform the material duties of his regular occupation during the elimination period between August 8, 2019 to November 6, 2019, consistent with the terms of the Policy.  The Court will enter Judgment in favor of defendant Reliance Standard Life Insurance Company.

DATED: July 15, 2022

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE